**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**TALLAHASSEE DIVISION**

IN RE:

JOHN BOOTH and                                       CASE NO.: 05-45002-LMK
LINDA BOOTH,
    Debtors.                                             CHAPTER 13
_____/

**ORDER DENYING MOTION AND DISMISSING CASE**

THIS MATTER is before the Court on the Debtors' Motion for Exemption from Credit Counseling, or in the alternative to Extend the Time for Compliance (the Motion, Doc. 4). The Debtors filed their Chapter 13 petition on October 20, 2005. The Debtors did not complete the pre-petition credit counseling required by 11 U.S.C.§ 109(h)(1), so they filed this Motion on October 21, 2005, seeking an exemption from the credit counseling requirement or an extension of time in which to meet the requirement.

The Bankruptcy Code provides that "[a]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from an approved nonprofit budget and credit counseling agency . . . an individual or group briefing. . . that outlined the opportunities for available credit counseling and assisted such individual in performing a related budget analysis."  11 U.S.C. § 109(h)(1). The requirements of § 109(h)(1) "shall not apply with respect to a debtor who submits to the court a certification that

> (i) describes exigent circumstances that merit a waiver of the requirements of paragraph (1);
> (ii) states that the debtor requested credit counseling services from an approved nonprofit budget and credit counseling agency, but was unable to obtain the services referred to in paragraph (1) during the 5-day period beginning on the date on which the debtor made that request; and
> (iii) is satisfactory to the court."

11 U.S.C § 109(h)(3)(A).

In their Motion, the Debtors describe what they consider to be "exigent circumstances" related to the impending foreclosure of their homestead and repossession of their vehicle. Even if the Court were to consider these "exigent circumstances" that would merit an exemption, the Motion is legally insufficient as there is no certification that the Debtors requested but were unable to obtain the required credit counseling within five days from their request. In fact, the Motion does not state that the

Debtors ever requested credit counseling at all, merely that "[n]o credit counseling agency was available to immediately provide credit counseling. . ." The United States Trustee has certified seven agencies as approved providers of pre-petition credit counseling services in the Northern District of Florida. A list of these approved agencies is available from the United States Trustee's website, www.usdoj.gov/ust, and all of these approved agencies offer credit counseling services through phone or internet consultations or both.

The requirements of § 109(h) go directly to the eligibility of an individual to be a debtor under the Bankruptcy Code. There is no authority for the Court to grant an exemption as to eligibility for relief or to extend the time to meet eligibility requirements except as is specifically allowed under the Code. The Debtors have neither obtained nor ever requested the required credit counseling, and, accordingly, they are ineligible under § 109(h) to be debtors. Therefore, it is hereby

**ORDERED AND ADJUDGED** that

1. The Debtors' Motion for Exemption from Credit Counseling is **DENIED.**

2. The Debtors' Motion to Extend the Time to Comply with § 109(h) is **DENIED.**

3. This case is **DISMISSED.**

DONE AND ORDERED in Tallahassee, Florida, this __24th__ day of October, 2005.

_____
Lewis M. Killian Jr.
United States Bankruptcy Judge